**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3800-19

WILLIAM DEW,

     Complainant-Appellant,

v.

S. COLUMBIA TERRACE, LLC,

     Respondent-Respondent.

_____

Submitted June 7, 2021 – Decided August 18, 2021

Before Judges Rothstadt and Susswein.

On appeal from the New Jersey Division on Civil Rights, Department of Law and Public Safety, Docket No. HB08WT-67679.

William Dew, appellant pro se.

Ira C. Kaplan, attorney for respondent S. Columbia Terrace, LLC.

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Division on Civil Rights (Donna Arons, Assistant Attorney General, of counsel; James R. Michael, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, William Dew, appeals from an April 29, 2020 final agency decision rendered by the New Jersey Division on Civil Rights (the Division) finding that there was no probable cause to support Dew's discrimination complaint against his landlord, respondent S. Columbia Terrace (S. Columbia). Dew alleged in his complaint that S. Columbia violated the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, by discriminating against him based on his race and the public assistance source of his rental payments. After carefully reviewing the record in light of the arguments of the parties and the applicable legal principles, we affirm substantially for the reasons explained in the Division's comprehensive April 29, 2020 written opinion.

We briefly summarize the pertinent facts and procedural history. In May 2010, Dew first entered into a lease agreement for his apartment with Elmor LLC (Elmor). His monthly rent for the apartment at that time was $1,390 and he provided Elmor with a $1,390 security deposit. The monthly rent had increased to $1,440 as of March 2015 when S. Columbia purchased the building and assumed ownership. Dew's security deposit was lawfully depleted to cover missing payments.

A-3800-19

In April 2018, Dew and S. Columbia signed a lease extension with a monthly rent of $1,223. However, Dew did not pay the requisite $1,773 security deposit, nor did he pay rent from January to April 2019. Despite these missed payments, in April 2019, S. Columbia sent Dew a proposed lease extension for the period of July 1, 2019 through June 30, 2020 with a monthly rent of $1,284. The security deposit for this proposed one-year extension was $1,926. Dew did not sign the lease extension, nor did he remit the security deposit.

S. Columbia filed for eviction on June 20, 2019, seeking $7,338 in unpaid rent from January through June 2019, $300 in late fees, and a security deposit of $1,773, totaling $9,411. The court entered a judgment for possession and then issued a warrant of removal. On July 22, 2019, the Superior Court judge hearing the matter issued an order of removal set for August 5, 2019. On July 30, 2019, Dew was approved for temporary rental assistance (TRA) by the Bergen County Board of Social Services (BCBSS). The TRA was effective August 1, 2019 and covered Dew's rent arrearages from May through July 2019 as well as the late fees he accrued. The judge issued a hardship order staying Dew's eviction until September 30, 2019.

On August 5, 2019, S. Columbia provided BCBSS with the documents that were required for Dew's TRA. BCBSS agreed to cover Dew's rent through

A-3800-19

September 30, 2019, the date on which the hardship stay was set to expire. Dew provided a cashier's check for $1,623 for the security deposit. He also received a Section 8 voucher from the Edgewater Housing Authority. S. Columbia refused to accept the voucher, explaining that it requires a one-year lease and that it did not intend to renew the lease at the expiration of court-ordered hardship stay.

Dew filed a complaint with the Division in October 2019, alleging that S. Columbia's decision to not enter into a new lease agreement was a violation of the LAD. Specifically, Dew alleged that S. Columbia discriminated against him because he is African American and because he submitted a Section 8 voucher as payment.

S. Columbia filed an answer to the complaint, contesting each of Dew's specific allegations, responding with nine affirmative defenses, and raising a counterclaim. S. Columbia asserted in its answer that Dew's claims were malicious and frivolous, constituting "nothing but a misguided effort to allege discrimination in an effort to avoid eviction. [Dew] has made such threats in the past."

S. Columbia provided the Division with evidence to support its decision to not enter into a new lease, including emails between Dew and S. Columbia's

agents and a certification from the building property manager. She detailed Dew's "campaign of threats and intimidation" including an email alleging that S. Columbia committed theft.

The Division completed its investigation and issued its final agency decision on April 29, 2020, concluding there was insufficient evidence to support Dew's claim that he had been discriminated against based on race or source of lawful income. The Division's opinion explained that "[S. Columbia] provided evidence that it knew [Dew] was Black and still offered him lease extensions for the first two years that it owned the subject property." The Division's opinion further noted that Dew "did not offer any evidence supporting a conclusion that [S. Columbia] factored race into its decision not to extend his lease." As for discrimination based on source of income, the Division's decision explained,

> [t]he investigation revealed that [Dew] offered [S. Columbia] a Section 8 voucher on August 5, 2019, fully eight months after he had stopped paying rent. While [Dew] obtained TRA in July 2019, which paid off his rent arrearages, this action does not create an obligation for [S. Columbia] to offer [Dew] a lease extension. Nor does his attempt to use a Section 8 voucher mandate that [S. Columbia] must continue renting the apartment to him.

The Division concluded that S. Columbia was

A-3800-19

within its rights [to not] renew [Dew's] lease because he failed to pay rent for 8 months, did not pay his security deposit for the entirety of his tenancy . . . and harassed its employee . . . just as it would be if [Dew] committed other lease violations, like destroying the property or making excess noise on a consistent basis.

Furthermore, the Division's decision noted that using a Section 8 voucher does not entitle a complainant to a lease extension under the LAD; rather, the LAD prohibits entities from taking adverse action against individuals trying to use the voucher to pay part or all of their rent. The Division concluded, "nothing in the LAD prevents a landlord from refusing to renew a lease with an individual using a Section 8 voucher for legitimate non-discriminatory reasons." This appeal followed.

The scope of our review of an administrative agency's final decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-to-RN Bridge Program, 225 N.J. 533, 541 (2016) (citing Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Env't. Prot., 191 N.J. 38, 48 (2007)); see also In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (finding "a 'strong presumption of reasonableness attaches to the actions of the administrative agencies'") (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)).

An appellate court "ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008); see also Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (noting that the abuse of discretion standard is established "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis'") (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Furthermore, we recognize the Division's experience and expertise in matters concerning discrimination and violations of civil rights. The Attorney General and the Director of the Division "have extensive, discretionary authority to investigate and insure compliance with the LAD." Gallo v. Salesian Soc., Inc., 290 N.J. Super. 616, 650 (App. Div. 1996). The Director "may initiate and conduct an investigation to determine whether any entity, organization, industry, groups of industries, business persons, or groups of business persons, or other groups of persons are complying the [LAD] . . ." N.J.A.C. 13:4-4.8.

N.J.A.C. 13:4-10.2(a) provides that upon completion of an investigation of a verified complaint, the Director "shall determine whether or not probable cause exists to credit the allegations of the verified complaint." N.J.A.C. 13:4-10.2 further provides:

> (b) If the Director determines based upon a review of the investigative findings that there is a reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious person to believe that the [LAD] . . . has been violated, they shall issue a finding of probable cause.

> (c) If the Director determines based upon review of the investigative findings that there is not a reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious person to believe that the [LAD] . . . has been violated, they shall issue a finding of no probable cause.
> [Id.]

In Pasquince v. Brighton Arms Apartments, we summarized the requirements for establishing a prima facie case of rental housing discrimination and explained the "burden shifting" template used in resolving those claims. 378 N.J. Super. 588, 599 (App. Div. 2005). Under this analytical template, the plaintiff initially bears the burden to establish: "(1) plaintiff is in the class of persons [the statute] is intended to protect; (2) defendant was aware that plaintiff is a member of the protected class; (3) plaintiff was ready and able to accept defendant's offer to rent or lease; and [defendant] refused to rent an apartment

8

to plaintiff." Id. at 559 (alterations in original). Once a prima facie case is established, "[t]he burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for denying the plaintiff's rental application." Ibid. (internal footnote omitted). If the defendant successfully meets the burden of production, "the plaintiff then bears the burden of proving that the defendant's articulated reason was merely a pretext for unlawful discrimination." Ibid.

Applying these legal principles to the record before us, we conclude the Division conducted a fair and thorough investigation during which it obtained documents from both parties and conducted witness interviews. The record shows the Division carefully considered the evidence Dew offered in support of his claims. The Division also carefully considered S. Columbia's explanations for its decision and the evidence provided in support of its affirmative defenses and counterclaim. There is ample evidence in the record supporting the Division's conclusion that S. Columbia provided legitimate, nondiscriminatory reasons for its decision not to renew Dew's lease. These reasons included his failure to pay rent for several months, his failure to replenish his security deposit, and his failure to accept a new lease. Accordingly, applying our deferential standard of review, there is no basis upon which to disturb the

Division's finding that there was no probable cause to support Dew's complaint and its decision to close the case.

To the extent we have not addressed them, any remaining arguments raised by Dew lack sufficient merit to warrant discussion in this opinion. Rule 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3800-19